FILED
2017 Sep-25 PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LUIS A. LUGA-VELEZ )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>W.T. TAYLOR, Warden, )<br>)<br>Respondent. ) | Case No. 1:14-cv-01250-MHH-SGC |

## MEMORANDUM OPINION

Petitioner Luis A. Luga-Velez seeks relief from his federal criminal conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1).[1] The magistrate judge ordered the respondent to show cause why the Court should not grant the petition. (Doc. 5). The respondent filed a response, and Mr. Luga-Velez replied. (Docs. 9, 13).[2] On April 7, 2017, the respondent filed a notice of supplemental authority. (Doc. 16).[3] For the reasons discussed below, the Court finds that it lacks jurisdiction over Mr. Luga-Velez's claim for relief.

---

[1] Mr. Luga-Velez identified himself in the caption of his initial filing and elsewhere as Luis A. Luga-Velez, and the Court identifies him as such. (*See, e.g.,* Doc. 1, p. 1). However, Mr. Luga-Velez also goes by the nickname "Lugo" (Doc. 1, p. 1) and sometimes spells his full last name as "Lugo-Velez" (Doc. 1, p. 19).

[2] Mr. Luga-Velez initially filed a handwritten reply (Doc. 13), but he later submitted a typed duplicate (Doc. 15) of the same document. The Court will refer to Mr. Luga-Velez's original reply. (Doc. 13).

[3] When Mr. Luga-Velez filed this action on June 30, 2014, he named John T. Rathman as the respondent because Mr. Rathman was the warden at the federal prison where Mr. Luga-Velez

I.    FACTS AND PROCEDURAL BACKGROUND

Mr. Luga-Velez was charged with several federal crimes arising from events that occurred in 2001. *See United States v. Cruz*, 352 F.3d 499 (1st Cir. 2003).[4] Puerto Rico Police Agent Angel Aviles observed three individuals, including Mr. Luga-Velez and two codefendants – Messrs. Cruz and Gonzalez – outside a bar. *Cruz*, 352 F.3d at 502. Each man had a pistol on his waistline. *Cruz*, 352 F.3d at 502. Mr. Cruz had a "fanny pack" and appeared ready to receive money. *Cruz*, 352 F.3d at 502. Agent Aviles watched what appeared to be a transaction between Mr. Cruz and another man who approached by car, but Agent Aviles could not see whether there was an actual exchange of drugs or money. *Cruz*, 352 F.3d at 502. Mr. Gonzalez disappeared around the side of the bar. When he returned, he and another man were carrying a pillowcase from which rifle barrels were protruding. *Cruz*, 352 F.3d at 502. The men put the pillowcase in a trash can and, with the assistance of Mr. Luga-Velez and Mr. Cruz, covered the pillowcase with a blanket and some trash. *Cruz*, 352 F.3d at 502. Agent Aviles called for backup. When the

---

was incarcerated. (Doc. 1). On August 27, 2015, Mr. Luga-Velez notified the Court that he was transferred to a different federal prison. (Doc. 14). In the caption of the notice of supplemental authority that the United States Attorney filed on behalf of the respondent on April 7, 2017, counsel named W.T. Taylor as the respondent and represented that Mr. Taylor was the warden of the federal prison where Mr. Luga-Velez was incarcerated as of April 2017. (*See* Doc. 16, p. 1).

[4] This citation refers to the First Circuit's affirmance of Mr. Luga-Velez's conviction on direct appeal. The Court refers to the First Circuit's opinion in *Cruz* for the factual background of Mr. Luga-Velez's case unless citations to the underlying dockets or filings in this habeas proceeding are necessary.

backup arrived, Mr. Luga-Velez and Mr. Gonzalez ran toward the bar. *Cruz*, 352 F.3d at 502. Mr. Luga-Velez entered the building and went behind the bar where he was seen with a pistol in his hand. *Cruz*, 352 F.3d at 503. After a struggle, Mr. Gonzalez surrendered. *Cruz*, 352 F.3d at 503.

Mr. Luga-Velez was arrested, and the pistol that he was seen holding was recovered from an area between a bottle rack and the bar. *Cruz*, 352 F.3d at 503. No drugs were found on Mr. Luga-Velez, but the pillowcase inside the garbage can contained two converted machine guns, another rifle, a pistol, and large amounts of ammunition. *Cruz*, 352 F.3d at 503. All of the guns were loaded, and the serial numbers on three of the guns had been removed. *Cruz*, 352 F.3d at 503. When Mr. Cruz was arrested, his fanny pack contained substances which proved to be cocaine base, heroin, and cocaine. *Cruz*, 352 F.3d at 503.

The United States charged all of the men in a single indictment. In count five, the United States charged Mr. Luga-Velez with possession of a firearm in furtherance of a drug trafficking scheme, in violation of 18 U.S.C. § 924(c)(1). *Cruz*, 352 F.3d at 503. All of the counts in the charges, including count five, included the allegation that "the defendants, aid[ed] and abett[ed] each other" under 18 U.S.C. § 2. *Cruz*, 352 F.3d at 503. Mr. Luga-Velez was convicted of all counts. *Cruz*, 352 F.3d at 503. In connection with his conviction for possessing firearms in furtherance of a drug trafficking scheme, the district court sentenced

Mr. Luga-Velez to a minimum prison term of 30 years under 18 U.S.C. § 924(c)(1)(B)(ii). *Cruz*, 352 F.3d at 503-04. This is because, as the First Circuit stated, "the jury found that each defendant had possessed a machine gun in furtherance of a drug-trafficking scheme." *Cruz*, 352 F.3d at 504; *see also* Doc. 1-1, p. 47. The First Circuit affirmed Mr. Luga-Velez's conviction and sentence. *Cruz*, 352 F.3d at 502.

Mr. Luga-Velez challenged his conviction and sentence via a § 2255 motion. *See USA v. Gonzalez-Bernard, et al.*, No. 3:01-cr-00717-CCC-2 (D. Puerto Rico) at Doc. 93.[5] The presiding district court denied Mr. Luga-Velez's first § 2255 motion. *See USA v. Gonzalez-Bernard, et al.*, No. 3:01-cr-00717-CCC-2 (D. Puerto Rico) at Doc. 108. Mr. Luga-Velez asked the First Circuit Court of Appeals for permission to file a second motion under § 2255. *See USA v. Gonzalez-Bernard, et al.*, No. 3:01-cr-00717-CCC-2 (D. Puerto Rico) at Doc. 231. The First Circuit denied the application, stating that the case upon which Mr. Luga-Velez relied for relief, *Rosemond v. United States*, 134 S. Ct. 1240 (2014), did not apply retroactively to cases on collateral review. *See USA v. Gonzalez-Bernard, et al.*,

---

[5] The record for Mr. Luga-Velez's § 2255 motion is available on PACER (Public Access to Court Electronic Records). The Court takes judicial notice of that record. *See Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (district court properly took judicial notice of documents related to the plaintiff's previous civil action because the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b); other internal citations omitted). The Court cites to district court entries from Mr. Luga-Velez's § 2255 action by case name, case number, and document number.

No. 3:01-cr-00717-CCC-2 (D. Puerto Rico) at Doc. 231; *see also* 28 U.S.C. § 2255(h)(2). The respondent concedes that *Rosemond* is a retroactively applicable change in a substantive rule, as Mr. Luga-Velez asserts. (Doc. 9, p. 11, n. 3).

Mr. Luga-Velez filed this § 2241motion in this district court on June 30, 2014. (Doc. 1). In support of his motion, Mr. Luga-Velez again relies on the Supreme Court's *Rosemond* decision. (Doc. 1, pp. 6-11). Mr. Luga-Velez asserts that because the Supreme Court announced a substantive rule in *Rosemond* which applies retroactively to his conviction and because his argument for relief under *Rosemond* was foreclosed at the time of his trial, appeal, and initial § 2255 petition, the Court has jurisdiction to consider this § 2241 habeas petition pursuant to the savings clause in 28 U.S.C. § 2255(e). (*See* Doc. 1, pp. 8-9, 11-14). The Court disagrees.

A federal district court must examine its subject matter jurisdiction *sua sponte* if the court determines that it may lack subject matter jurisdiction over an action. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The savings clause in 28 U.S.C. § 2255(e) operates as a limit on a district court's subject matter jurisdiction over motions that federal prisoners file under § 2241. *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273 (11th Cir. 2014). Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section,

5

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

This Court may not entertain Mr. Luga-Velez's § 2241 petition because Mr. Luga-Velez may present the arguments he makes here to the district court in which he was convicted and sentenced if the First Circuit gives him permission to pursue a new § 2255 motion based on *Rosemond*. *See, e.g.*, *Bartelho v. United States*, 2016 WL 9584199 *2 (1st Cir. 2016) (concluding *Rosemond* claim was subject to the gatekeeping requirements of § 2255(h)); *Rosa-Carino v. United States*, 2015 WL 274165, *3-4 (D. Puerto Rico Jan. 22, 2015) (addressing merits of § 2255 *Rosemond* claim).

Recently, the Eleventh Circuit, sitting *en banc*, held that a petitioner may not bring as part of a § 2241 habeas petition a claim that can be reviewed through a motion to vacate under 28 U.S.C. § 2255. *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017) ("A motion to vacate is inadequate or ineffective to test the legality of a [federal] prisoner's detention only when it cannot remedy a particular kind of claim. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to

6

persuade the court to change its precedent."). Mr. Luga-Velez's *Rosemond* claim is cognizable under § 2255 in the circuit where he was convicted and sentenced.

In light of the Eleventh Circuit's *en banc McCarthan* opinion, the Court appears to lack subject matter jurisdiction over this action. Accordingly, assuming that Mr. Luga-Velez correctly asserts that his claim was foreclosed by First Circuit precedent at the time of his conviction, direct appeal, and first § 2255 petition (*see* Doc. 1, pp. 11-13), this Court must dismiss this action without prejudice for lack of subject matter jurisdiction.

The Court will enter a separate order of judgment.

**DONE** and **ORDERED** this September 25, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE